This is an appeal from a decree of the orphans court denying the petition of National Surety Company, praying that the executor be directed to pay to the surety company a certain bequest under the will of Joseph Searle.
The pertinent portion of the will is item third as follows:
"I give, devise and bequeath all my estate, both real and personal of whatsoever kind and nature wheresoever situate, to my children, Charles William D. Searle, Sarah Edith Searle and Elsie Irene Matthews Searle, share and share alike, as and for their own use forever except that amount given to my wife Ellen Elizabeth, and the following bequests which I order paid.
"The sum of Five Hundred Dollars to my daughter, Lottie May Lautherhahn, and the sum of Five Thousand Dollars to my grandson Chester, held in trust for him until he reaches the age of twenty-five years and the interest on said sum to be spent on behalf of his maintenance and care, and in case and provided he reaches such age before my decease, then the said sum of Five Thousand Dollars shall be paid to him at my decease." *Page 68 
One of the persons named as executor died, and the survivor qualified after the death of the testator in 1919.
In December, 1920, the mother of Chester Lautherhahn petitioned the surrogate's court to be made guardian of his person and his estate, and such letters of guardianship were issued to her on December 31st, 1920. The petition for guardianship sets forth that Chester, then a minor age seventeen, "has become possessed of and entitled to personal estate of the value of five thousand dollars." The day before the letters were issued National Surety Company filed a bond in the sum of $6,500 conditioned as follows:
"The condition is, that whereas the Surrogate of Passaic hath this day appointed the said Lottie May Lautherhahn to be guardian of the estate and person of Chester Lautherhahn, a minor over the age of fourteen years, now therefore, if the said Lottie May Lautherhahn shall faithfully execute her said office of guardian, then this above obligation to be void or else to remain in full force and virtue."
The executor of the estate assigned two mortgages aggregating $5,000, to the guardian, apparently in attempted payment of the bequest to Chester. The mortgages were paid and the guardian invested the funds and securities which turned out to be worthless. When Chester reached the age of twenty-five, he sought an accounting from his guardian. Her surety settled the claim and took an assignment of all rights of the legatee against the executor.
The surety company contends that it is entitled to payment of the $5,000 bequest to Chester, under item "Third" of the will. It contends that the bequest to Chester has never been paid, and that therefore payment can now be required from the executor; and that the surety company is entitled to this payment both by subrogation and by the assignment executed by Chester. In my opinion neither of the contentions is sound.
It will be noted that the will directs payment of a bequest to Chester, "which shall be held in trust for him until he reaches the age of twenty-five years." No trustee is named anywhere in the will, and under such circumstances the ordinary *Page 69 
rule is that the executor will become trustee of the funds. In the instant case, for what reason does not appear, although it is evident that it was supposed the terms of the will were being complied with, the fund was turned over to the mother as guardian. Even if irregular and improper, this was ratified and approved by the court on final account of the executor.
Still later it was acquiesced in by Chester himself, when on reaching the age of twenty-five years he enforced an accounting of this very sum.
Had the fund turned over to the guardian remained intact and been delivered to Chester when he reached the age of twenty-five, it hardly seems possible to contend that he could collect another like sum from the executor. This would clearly mean a double payment of the bequest. Yet the circumstance that the guardian has lost the fund in her charge by illegal investments, does not in anywise alter the principle involved.
The doctrine of subrogation does not avail the surety company. The condition of the bond was that the guardian should faithfully execute her office as guardian. This she did not do, and the surety made good her default. By subrogation the surety company acquired all the rights of Chester against the guardian. The bond related to the guardianship matter only, and no claim by way of subrogation can be predicated on anything outside of the guardianship fund. The guardian as such of course has not and never did have any claim against the executor.
The sole remaining basis for a claim by the surety company is as assignee of Chester. As such assignee, it, of course, has no greater rights than Chester would have. As has been pointed out Chester, by his action in enforcing the payment of the guardianship fund, has acquiesced in the action of the executor in making the payment to his mother as guardian. Only one sum of $5,000 was bequeathed to him and it would be wholly inequitable to compel the executor to pay this sum twice after ratification by the beneficiary.
 The decree appealed from will be affirmed. *Page 70